UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| OLANZA CORDELL SANDERS | CIVIL ACTION NO. 05-0998 |
| versus | JUDGE WALTER |
| RANDALL WILKINSON, ET AL | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

Plaintiff was once an inmate at Forcht Wade Correctional Center. He filed this action in proper person against two corrections officers, Michael Silba and Randall Wilkinson, based on allegations the officers retaliated against Plaintiff for filing administrative grievances. Plaintiff paid his filing fee in full. Because Plaintiff is not proceeding in forma pauperis, the court is not obligated to assist him in making service on the two Defendants.

Plaintiff was obligated under Fed. R. Civ. Proc. 4(m) to make service within 120 days of the filing of the complaint. That time passed in this action without evidence of service, but the record contained a basis for the court to extend the time. Plaintiff was granted until March 26, 2007 to file evidence of valid service. He was referred to the rules regarding the legal means of making service or obtaining a waiver. Doc. 15.

Plaintiff, who is no longer in prison, twice obtained summonses from the clerk of court. He filed a return for defendant Michael Silba (Doc. 19) that indicated the service papers were left with the warden's secretary on April 9, 2007, which was about two weeks past the deadline set by the court. Before the court is a Motion to Dismiss (Doc. 20) filed by

Silba on the grounds that service was not timely made pursuant to Rule 4(m). Silba does not challenge the validity of the service on any grounds other than untimeliness.

Rule 4(m) permits dismissal without prejudice if service is not timely, but the rule requires the district court to extend the time for service if good cause is shown. Even if good cause does not exist, the court still has discretion to extend the time for service rather than dismiss without prejudice. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). Plaintiff responds that he "tried his best" to timely serve Silba.

This court has traditionally been reluctant to dismiss a case or claim for untimely service absent actual prejudice to the defendant or other compelling reasons to do so. Silba has not presented reasons justifying dismissal beyond the mere untimeliness, and Silba has not articulated any prejudice as a result of the brief delay. On the other hand, Plaintiff is a former inmate who is proceeding pro se, Plaintiff has made reasonable though untimely efforts to accomplish service, and a dismissal without prejudice might well be the equivalent of a dismissal with prejudice because of the passage of the one-year period of limitation. Under these circumstances, the best exercise of this court's discretion is to extend the time for making service the short time necessary to encompass the service that was made upon Silba. The claims can then be resolved on the merits rather than a procedural mistake by a pro se party. Issues related to the service of defendant Wilkinson will be addressed in a separate memorandum order.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 20)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of September, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE