UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

OLANZA CORDELL SANDERS           CIVIL ACTION NO. 05-0998

VERSUS                           JUDGE WALTER

RANDALL WILKINSON, ET AL         MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Olanza Sanders ("Plaintiff") filed this civil action against two correctional officers who were employed at Forcht Wade Correctional Center at the time Plaintiff was incarcerated in that facility. Plaintiff's principal complaint is that the two defendants, Randall Wilkinson and Michael Silba, retaliated against him for filing administrative grievances. Plaintiff, who is no longer incarcerated, has not managed to effect service on Mr. Wilkinson, but Mr. Silba has been served and has filed a Motion to Dismiss (Doc. 33) that is now before the court.

**Relevant Facts**

When ruling on a motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Plaintiff's complaint and amended complaint (Docs. 1 and 6) have exhibits attached. Such exhibits are considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding. Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007). Accordingly, the

allegations in the complaint, as amended, and the information in the exhibits will be summarized below.

Plaintiff's original complaint was filed on a form provided by the court that asks the prisoner to state the facts of his case and specifically describe the involvement and actions of each named defendant. The form emphasizes that only facts must be provided, and the prisoner is not required to set forth legal theories or arguments. Plaintiff, rather than follow those simple instructions, did not allege any facts about any particular defendant. Rather, he alleged legal conclusions such as a "due process" violation, "retaliation for protected conduct of legal action" and "a casual (sic) connection" between Plaintiff continuing an unspecified lawsuit and unspecified adverse action taken by an unspecified prison official.

The exhibits, including prison grievances and a memorandum prepared for filing in a state court proceeding, do provide some actual facts. Plaintiff states in the memorandum that on February 8, 2005, he filed an ARP grievance "seeking protection from the defendants and their ongoing pattern of abuse of authority," which Plaintiff described as verbal abuse, shakedowns and threats of disciplinary reports. Four days later, on February 12, Sgt. Silba "conducted a search of [Plaintiff's] persons and property." Sgt. Silba issued a disciplinary report dated February 12 that stated he had conducted a shakedown of Plaintiff on that date, and Plaintiff had stated, "Why are you looking at those papers you son-of-a-bitch, I know what this is about, I want to call my lawyer." A supervisor was alerted, and Plaintiff was placed in administrative segregation. Sgt. Silba filed a disciplinary charge of defiance.

Plaintiff pleaded not guilty to the defiance charge, but his only defense was denying the contents of the charge, and the Board found him guilty. Plaintiff, about two months earlier, had been found guilty of another offense and received a suspended sentence of 30 days forfeiture of good time. The Board, as a sentence for the defiance conviction, imposed that suspended sentence and added a restriction of eight weeks loss of yard and recreation privileges.

A few hours after Sgt. Silba conducted the shakedown, Captain Wilkinson questioned Plaintiff about papers that were confiscated during the shakedown. Wilkinson's report states that Plaintiff freely admitted that the papers were a plan to set up a drug dealing business, including how much to charge, how to not get caught, how to set up a criminal family, and the like. Plaintiff admitted that he planned to send the papers to his brother, who was a convicted inmate serving time in another prison. Captain Wilkinson charged Plaintiff with violating Rule 30(c), general prohibited behaviors, and the Board found Plaintiff guilty. It imposed a sentence of 180 days forfeiture of good time.

Plaintiff appealed both of his disciplinary convictions and sentences through the Disciplinary Board Appeal process. The Rule 30(c) conviction initiated by Captain Wilkinson was, according to Plaintiff, overturned on appeal. The agency decision does not appear in the record, but Plaintiff has submitted what purports to be a short memorandum from an agency official to the effect that a disciplinary report was expunged in March 2005.

Plaintiff's appeal regarding the defiance charge initiated by Sgt. Silba reached the desk of the Secretary of the Department of Public Safety and Corrections. The Secretary's designee issued a written decision. The decision recounts that Plaintiff argued that the defiance report was written by Sgt. Silba in retaliation for an ARP grievance. The decision goes on to state that the "claim of retaliation is unfounded" because Plaintiff received a full due process hearing and "offered no evidence to refute the charge" and "has not provided any evidence to support his issues." The officer's version of the events was determined to be more credible, and the sentence imposed was found to be not excessive. The appeal was denied.

**Captain Wilkinson**

Plaintiff did not apply to proceed *in forma pauperis*, and he paid his filing fee in full. He was also released from custody between the time he filed his complaint and when the court ordered that it be served on the two defendants. The marshal, because Plaintiff was not proceeding as a pauper, issued a letter that required payment of service fees. Doc. 10. Several months passed, but Plaintiff did not reply.

The court issued a memorandum order (Doc. 15) in February 2007 that reminded Plaintiff of his obligation under Fed. R. Civ. P. 4(m) to make service within 120 days of the filing of the complaint. That time had passed, but the court found good cause to extend the time and granted Plaintiff until March 26, 2007 to file evidence of valid service. Plaintiff was directed to a source of forms and the relevant rules. Plaintiff managed to obtain service

on Sgt. Silba, but an attempt to serve Captain Wilkinson at his last known place of employment (Forcht Wade Correctional Center) was unsuccessful because Wilkinson was no longer employed at the prison, and the prison refused to provide Wilkinson's home address.

A member of the court staff contacted the Attorney General's office and inquired whether he would agree to submit the service information under seal for service by the marshal or arrange a waiver of service by Wilkinson. (Both practices have been used in similar cases to protect the home address of former corrections officers.) The Attorney General declined and did not suggest any alternatives, so the court granted Plaintiff leave to serve subpoenas on and/or take the depositions of Forcht Wade and DOC officials and attempt to discover the last known address for Captain Wilkinson. Plaintiff was told to "commence those efforts immediately so as not to delay service on Mr. Wilkinson any longer than necessary" and to file evidence of service by October 31, 2007. Plaintiff was also given instructions on how to obtain a summons and effect service. Doc. 23. As of this writing, Plaintiff has not filed any evidence of service. The lack of service on Wilkinson was mentioned in Silba's motion to dismiss, but Plaintiff has not filed any timely opposition to the motion.

More than 980 days have passed since Plaintiff filed his complaint, and more than 100 days have passed since the expiration of the last extension that was afforded Plaintiff to make service on Captain Wilkinson. The undersigned is ordinarily hesitant to recommend

dismissal of a case or claim based on untimely service absent actual prejudice to the defendant or other compelling reasons to do so. This case now presents compelling reasons to dismiss without prejudice all claims against Captain Wilkinson. Plaintiff has been afforded more than ample opportunity to employ discovery devices to learn Wilkinson's address and serve him, but there is no indication of record that Plaintiff took any steps to do so. The case was filed in 2005, and the lack of service in 2008 warrants dismissal of all claims against Randall Wilkinson without prejudice pursuant to Fed. R. Civ. P. 4(m).

**Sgt. Silba**

Plaintiff's complaint prays for nominal, compensatory and punitive damages, plus unspecified injunctive relief. Plaintiff's release from prison moots the claim for injunctive relief, Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001), and Plaintiff's lack of physical injury precludes any award of compensatory damages for emotional or mental injuries. 42 U.S.C. § 1997e(e); Hutchins v. McDaniels, 512 F.3d 193 (5th Cir. 2007). Accordingly, Plaintiff's only potential remedies are nominal and punitive damages. Hutchins, 512 F.3d at 197-98.

Sgt. Silba moves for dismissal based on Rule 12(b)(6) and a qualified immunity defense. Plaintiff has not filed any timely opposition. The court, for the reasons set forth below, need not address the merits of the arguments asserted by Silba.

A prisoner cannot, in a Section 1983 action, challenge the fact or duration of his confinement or recover good-time credits lost in a prison disciplinary proceeding. A prisoner

also cannot bring a Section 1983 action seeking damages (rather than recovery of good-time credits) based on a disciplinary conviction until that conviction has been reversed, expunged or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus, if a favorable judgment in the Section 1983 case would necessarily imply the invalidity of the prisoner's disciplinary conviction. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998), citing Heck v. Humphrey, 114 S.Ct. 2364 (1994) and Edwards v. Balisok, 117 S.Ct. 1584 (1997). A conviction, for purposes of Heck, includes a ruling in a prison disciplinary proceeding that results in a loss of good-time credits. Clarke, 154 F.3d at 189.

Plaintiff alleges in this Section 1983 case that Sgt. Silba, because of a retaliatory motive, conducted a search and fabricated a disciplinary report that, during the search, Plaintiff committed an act of defiance in violation of prison rules. Plaintiff made those same arguments in the disciplinary proceeding, but the arguments were rejected for lack of evidence, and the loss of good-time sentence was imposed. For this court to find in favor of Plaintiff on his Section 1983 claims, it would necessarily have to find that Plaintiff's version of the events is true, meaning there was no valid basis for the disciplinary charge and loss of good-time sentence.

Plaintiff was aware of the Heck problem because, in his amended complaint, he pointed out that the overturning of the disciplinary conviction initiated by Captain Wilkinson satisfied the requirements of Heck. But Plaintiff did not provide any explanation as to why

Heck would not bar a claim related to the charge initiated by Sgt. Silba. There is no indication that the resulting defiance conviction has been overturned through the state appeals process or otherwise. Plaintiff's claims against Sgt. Silba in this civil action are, therefore, barred by the Heck doctrine. The Fifth Circuit has instructed that the appropriate remedy in this setting is to dismiss all claims with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1996).

Accordingly;

**IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 33) be granted by dismissing Plaintiff's claims against Sgt. Michael Silba with prejudice until such time as the Heck conditions are satisfied.

**IT IS FURTHER RECOMMENDED** that all claims against Randall Wilkinson be dismissed without prejudice for failure to make timely service.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of March, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE